UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CRIMINAL NO. 09-113(DRD) |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| [1] MANUEL SANTANA-CABRERA, | * | |
| | * | |
| Defendant. | * | |

**OPINION AND ORDER DENYING
MISJOINDER AND SEVERANCE AND ADOPTING
REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE, D. 479**

Co-defendant, Manuel Santana-Cabrera, hereinafter referred to as Santana, and co-defendant Ricardo A. Soler Rivera, hereinafter referred to as "Soler," were charged together with a third co-conspirator, George J. Morales, in the original indictment, Docket No. 3, with a conspiracy to import heroin from the Dominican Republic to Puerto Rico using couriers who swallowed pellets, the object being a distribution of heroin in Puerto Rico and Continental United States. The dates covering this particular conspiracy, heroin importation conspiracy scheme, are from on or about January 1, 2005 to November 14, 2007. (Docket 3, Count I.) Co-defendant Santana was also charged in aiding and abetting form with various substantive counts of importation of heroin from the Dominican Republic to the United States, Count V, VI, VII, VIII, X, all occurring from February 24, 2006 until February 28, 2007. All substantive counts involve, as proffered by the United States, one kilo or more of heroin except Count X alleging only 994 grams of heroin. The importation of heroin was to be with an ultimate goal of distributing heroin in Puerto Rico and

1

Continental United States.

In the same indictment, Count XIII, Docket 3, co-defendant Santana was also charged with a conspiracy to possess with intent to distribute five kilos or more of cocaine with various other co-defendants including Ricardo A. Soler Rivera ("Soler")[1] from June 1, 2006 to June 5, 2008. The object of the conspiracy was to possess with intent to distribute and distribute cocaine in Puerto Rico and the Continental United States.

The two conspiracies are charged as separate conspiracies except as to the common facts stated herein.[2] The court notices immediately that both conspiracies involve illegal controlled substances (heroin and cocaine) in large amounts (heroin in excess of one kilo and cocaine in excess of five kilos) involving overlapping years, both involve June 2006 to November 14, 2007 and both involve two common co-conspirators in the conspiracy counts, Santana and Soler. The two conspiracies finally intended to affect both Puerto Rico and the Continental United States as both conspiracies ultimate goal was to distribute heroin and cocaine in Puerto Rico and Continental United States. Co-defendant

---

[1] The contents herein are extracted from court minutes of the pretrial conference held on December 3, 2010 [illegible].

[2] The contents herein are extracted again from the pretrial conference of the conspiracies on a motion to consolidate as the government successfully opposed the consolidation of the conspiracies [illegible].

Santana was also originally charged with three substantive counts of possession with intent to distribute in aiding and abetting fashion in excess of five kilos of cocaine in Counts XIV, XVII and from June 3, 2006 until June 2, 2006 again overlapping in years from August 2, 2006 (Count VII) until February 28, 2007 (Count ten).  However, the method of transporting the drugs to Continental United States was different in that the heroin conspiracy involved body carriers of heroin pellets to Puerto Rico and the carriers of cocaine used switching luggage by inside facilitators substituting in the belly of the airplane or prior thereto the original luggage for other luggage containing bricks of cocaine, all as explained in Note 2, infra.

The court granted as to the original indictment a cut off for dispositive motions until September 14, 2009 at the pre-trial conference held on June 11, 2009 (Docket 94.)[3] Notwithstanding, the district court authorized defendant Santana-Cabrera to file several motions late including a Motion to Suppress on November 8, 2009 and Amended Motion to Suppress on November 18th, 2009 (Dockets 178 and196).  Defendant Santana-Cabrera also filed late a Second Motion to Suppress filed on May 14, 2010 (Docket 286). The last Motion to Suppress was filed after the Magistrate Judge denied the first Motion to Suppress on March 24, 2010 (Docket 269).

In the meantime a superseding indictment was filed on August 4, 2010 (Docket 308). As to the superseding indictment, the new charge as to co-defendant Santana  and other co-defendants merely added substantive counts of possession with intent to distribute and distribute cocaine, that is, Counts XXII, XXIII, XXIV and XXV as additional

---

[3] Alexander Zeno had previously appeared since July 27, 2009 and later on August 8, 2009. (Dockets 116 and 123).

counts all charging actual distribution of cocaine in aiding and abetting fashion dated July 2006, August 5, 2006, September 2006 and August 2007.[4]

Defendant filed a Motion as to Misjoinder and Severance on February 2, 2011, that is almost two years after the original indictment which previously had the same two separately charged conspiracies, the heroin importation to Puerto Rico to be used for distribution in Puerto Rico and Continental United States and the other as to possession with intent to distribute cocaine also destined for distribution in Puerto Rico and Continental United States. The original indictment also had various substantive counts as to co-defendant Santana relating to importation of heroin to Puerto Rico for distribution in Puerto Rico and Continental United States, and various substantive counts of possession with intent to distribute cocaine in Puerto Rico and Continental United States all of which remained unaltered from the original indictment. The Motion of Misjoinder and Severance was filed almost six months after the superseding indictment was issued and after the trial date was set by the court. Notwithstanding the defendant alleges prejudice based on misjoinder and requests severance of all the importation of heroin counts from all of the possession with intent to distribute cocaine counts. See Docket 417. Co-defendant Santana alleges prejudice based on an alleged spillover based on the heroin related counts of a conspiracy to import heroin from Santo Domingo to Puerto Rico and on the substantive charges of distribution of heroin which remained totally unaltered at the superseding indictment from the counts as to heroin at the original indictment. He also alleges that as to the heroin conspiracy he is to accept a modest participation but is

---

[4] Several co-defendants were also added in the superseding indictment related to cocaine substantive distribution.

reluctant to now do so due to spillover as to the effect on the cocaine related charges. (Docket 417, p. 6.) However, the court stresses that heroin counts, both the conspiracy and the substantive counts, remained identical and did not suffer any modifications whatsoever between the original indictment (Docket 3) and the superseding indictment, (Docket 308).

The United States opposed the misjoinder and severance motions first as "untimely" and later on the merits. (Docket 425.)[5]

The court referred the matter to the Magistrate Judge López, (Docket 422). The Magistrate Judge issued its Report and Recommendation on April 12, 2009 (Docket 479). The Magistrate Judge first determined that the motion was filed late since the filing was performed out of bounds from the deadline originally set by the court at the pre-trial, an "untimely" filing by co-defendant Santana-Cabrera. The reasons as to misjoinder and severance were well known by the defendant since the original indictment was issued on March 25, 2009 (Docket 3) and the Misjoinder/Severance Motion was filed untimely from a court issued Management Order at a pre-trial held on June 11, 2009, (Docket 94), as to dispositive motion deadline of September 14, 2009.[6]

Further, defendant had already filed two dispositive motions that were also late but handled on the merits by the Magistrate Judge. The current motion of Misjoinder and

---

[5] Curiously defendant requested that the motion filed by the United States was late and hence notwithstanding the merits of defendant's motion, the court should blindly grant the request notwithstanding the merits of the motion, the court declines the invitation. As the court provided the defendant plenty of opportunities to file later motions to suppress "what is good for the geese is also good for the gander."

[6] Counsel for defendant Santana, as new retained counsel, should have examined the pre-trial conference notes and Management Order when originally accepting the case at Docket 94.

Severance simply constitutes a "third bite at the apple" and/or motion filing by "piecemeal litigation" and/or filing of motions ad nauseam by droplets.

Notwithstanding at the plea hearing of co-defendant Santana held on April 18, 2011, Docket 502, prior to the selection of the jury, while co-defendant was entering into a straight plea, the court advised defendant that the motions would be handled on the merits.[7] Further, the court stated to co-defendant Santana that the court would accept a

---

[7]

The defendant clearly defaulted as to timeliness in the filing of the misjoinder and severance motion. The motion was filed late pursuant to a Management Order deadlines established by the court pursuant to Fed. R. Cri. P. 12( c); consequently should defendant not seek an extension or seek a valid reason to extend, the period to file dispositive motions under Fed. R. Crim. P. 12(f), the matter is deemed frivolous as a management order of the court setting deadlines under Fed. R. Crim. P. 12 ( c) is deemed on appeal a valid exercise of the courts discretion. United States v. John, 86 F.3d 1147, 1996 U.S. App. Lexis 42159 (1st Cir. 1996). See also, United States v. José R. Lugo Guerrero, 524 F. 3d 5, 2008, U.S. App. Lexis 8138 (1st Cir. 2008) standing for the proposition that "when a district court sets a deadline for pre-trial motions pursuant to Federal Rule of Criminal Procedure 12 ( c) a party's failure to make certain motions, including suppression motions by the deadline **constitutes a waiver,** although the court may grant relief from the waiver for good cause [under] Fed. R. Crim. P. 12(e). . .We enforce Rule 12(e) waivers where, as here, the appellant fails to show cause for not complying with the district court's deadlines." See United States v. Bashorun, 225 F.3d 9, 14 (1st Cir. 2000) (**stating that a Rule 12 waiver will be enforced absent a showing of cause even if the district court ultimately addressed the merits of the waived claim.**)" (Emphasis ours.)

Hence, contrary to counsel Zeno's argument that the court can not establish deadlines in criminal cases through management orders (Docket 512, Objection to Report and Recommendation p. 1, "there are no such laws, rules or case law"), the court has the power and discretion and consequently establish through case management orders deadlines for filing motions signifying that non compliance with a management order deadline carried as a consequence a waiver pursuant to Fed. Crim. P. 12(e).

Further, the Notes of Advisory Committee on 2002 criminal procedure amendments state the following: "Rule 12( c) includes a non-stylistic change. The reference to the "local rule" exception has been deleted to make it clear that **judges should be encouraged to set deadlines for motions.** The Committee believed that doing so **promotes more efficient case management,** especially when there is a heavy docket of pending cases. Although the rule permits some discretion in setting a date for criminal filings, the Committee believed that doing so at an early point in the proceedings would also **promote judicial economy."** (Emphasis provided.) Puerto Rico is well known for its heavy criminal multi defendant cases (leading the nation during various years in filing of multi defendant criminal cases) as is the instant case involving more than twenty-five defendants.

Hence, Rule 12 ( c) clearly grants the court the power to establish deadlines "Motion Deadline. The court may, at the arraignment or as soon as practicable, set a deadline for the parties to make pre-trial motions and may also schedule a motion hearing."

**Notwithstanding, to avoid a potential § 2255 allegation of ineffective assistance of counsel, the court prefers to handle the matter on the merits.**

6

conditional plea based on the merits of the late motions of misjoinder and severance. In fact, the judge even advised the defendant that he could later see the cases even separately as to the counts of heroin and cocaine (successive trials).[8] The court further granted extra days to object to the Report and Recommendation at defendant Santana-Cabrera request of continuance of the trial (Docket 491).

Defendant Santana insists on the misjoinder and severance request after the Report and Recommendation was issued by Magistrate Judge López as he understands that a joinder of importation from the Dominican Republic to Puerto Rico has a negative spillover compared to a cocaine conspiracy to possess with intent to distribute and distribute cocaine in Puerto Rico and Continental United States.[9]

However, the merits of the misjoinder is not a close matter. Co-defendant Santana-Cabrera is charged as a leader with two separate conspiracies and several substantive counts dealing with controlled substances which conspiracies overlap in time frame; further at least one other co-defendant is in common with Santana as to both conspiracies, co-defendant Soler.  Moreover, both conspiracies (heroin and cocaine related) affect Puerto Rico and Continental United States as the object of the conspiracy was ultimately to distribute illegal drugs, heroin and cocaine, in Puerto Rico and Continental United States.

---

[8] But see footnote #7 as to the fact that the motion was filed late and will be considered "untimely" by the Court of Appeals notwithstanding that the District Court decided the case on the merits. United States v. José R. Lugo-Guerrero, 524 F. 3d 5, 2008, US App. Lexis 8138 (1st Cir. 2008) citing United States v. Bachorun 725 F. 3d 9, 14 (1st Cir. 2000).

[9] But the penalty under the law of a conspiracy to import one kilo or more of heroin, as well as a conspiracy to possess with intent to distribute five kilos or more of cocaine, statutorily mandate a minimum under both heroin and cocaine of a minimum ten years sentence increasing to a potential life sentence.

The conspiracy to import heroin involves importation to Puerto Rico with an object to distribute heroin in Puerto Rico and Continental United States and the conspiracy of possession to distribute cocaine is designed to distribute cocaine in Puerto Rico for ultimate distribution in Puerto Rico and Continental United States. Under the above factual scenario, the court must examine a Rule 8 request of misjoinder liberally in favor of joinder ("generously construed in favor of joinder"). United States v. Randazzo, 80 F. 3d 623, 627 (1st Cir. 1996). Further, the matter of misjoinder constitutes a discretionary decision of the court. United States v. Fenton, 367 F. 3d 14, 21 (1st Cir. 2004).

As stated before, the conspiracies involve dealings in narcotics (heroin and cocaine) in large amounts, during overlapping periods of time, involving at least two common co-defendants, (Santana and Soler), and ultimately designed for distribution of both drugs to take place in Puerto Rico and Continental United States.  Hence, the case has sufficient common elements and facts to warrant pursuant to Criminal Rule 8 a joinder of causes of action.  Further, the indictment involves some substantive counts that constitute overt acts to the charged conspiracies.

The court clarifies that during oral argument at the straight plea colloquy co-defendant hinted at a veiled argument that the instant conspiracies are not the conspiracies that actually were executed. The court would also have to deny the motion as to an allegation of a single or a different conspiracy or even an overarching single conspiracy because the issue involves merely a "**question of fact for the jury and is reviewed only for sufficiency of evidence."**  (Emphasis ours.) United States v. David, 940 F. 2d 722, 732 (1st Cir. 1991). As to whether or not the conspiracy charged in the indictment is the conspiracy that is adduced by the evidence, "the court should instruct the

jury on the issue of the evidence adduced at trial as a reasonable jury could find more than one such agreement or could find an agreement different from the one charged." United States v. Niemi, 579 F. 3d 123, 126 (1st Cir. 2009). Expressed in alternate fashion: "The question whether a given body of evidence is indicative of a single conspiracy, multiple conspiracies an overarching single conspiracy or no conspiracy at all is ordinarily a matter of fact; **a jury's determination in that regard is subject to review only for evidentiary sufficiency.**" (Emphasis added.) United States v. Portela, 167 F. 3d 687, 696 (1st Cir. 1999) citing United States v. Wihbey, 75 F. 3d 761,774 (1st Cir. 1996). Hence, any allegation of co-defendant Santana relating to whether the conspiracy as charged is different from the evidence in the case is totally premature at this time. The same reasoning applies as to whether a single conspiracy exists rather than several as "in evaluating whether a single conspiracy existed rather than several, courts consider the totality of circumstances paying particular heed to factors such as the existence of a common goal, evidence of interdependence among the participants, and the degrees to which their roles overlap." United States v. Fenton, 367 F. 3d at 15.

    But in the instant case the conspiracies appear to be executed differently. The heroin conspiracy involved a plan of using heroin in pellets swallowed by smugglers who traveled from Santo Domingo to Puerto Rico. As to the cocaine conspiracy the plan was to send from Puerto Rico to New York City luggage placed in the belly of the airplanes as stated in footnote 2. The swallowers of heroin do not appear to match either the carriers of luggages interchanged at the airport nor the facilitators working at the ramp who would change tags of the original luggage and place the tags in suitcases that had bricks of cocaine. Except for Santana and Soler there are no common defendants and there does

not seem to be any interdependence between the heroin and the cocaine conspiracies.

Hence, all the issues relating to a different conspiracy, a single or a multiple conspiracy or a single or an overarching conspiracy constitute an "issue [that] involves a sufficiency of evidence question." United States v. Sánchez Badillo, 540 F. 3d 24, 29 (1st Cir. 2008). The court, as to the spillover allegedly created from the heroin conspiracy to the cocaine related charges, and defendant's request to accept a limited liability as to heroin, is to provide a stern instruction that the limited heroin acceptance applies strictly and exclusively to the heroin case. Said instruction is deemed to be sufficient as juries are presumed to follow an instruction. United States v. Saunders, 553 F.3d 81,85, N. 2 (1st Cir. 2009). As to the fact that the defendant seeked to make a limited acceptance, the law "is less protective of a defendant's right to testify selectively." United States v. Alosa, 144 F.3d 693,695 (1st Cir. 1994).

Considering that the court rejects the misjoinder, the court further incorporates the well-reasoned arguments made by Magistrate Judge López at the Report and Recommendation, Docket 479, as to denying the severance requested by co-defendant Santana as defendants that are charged together should be tried together particularly considering that the defendant is charged as leader in both conspiracies. United States v. Soto Beniquez, 356 F. 3d 1, 29 (1st Cir. 2004). The court further joins in the argument that the violations to the narcotics law are similar in that they are of "the same or similar character" under United States v. Fenton, 367 F. 3d at 21.  The two violations are narcotics charges of several serious drug offenses involving both heroin and cocaine in large quantities, in overlapping periods of time, also involving at least two common co-defendants (Santana and Soler). Moreover, all heroin and cocaine violations were destined for ultimate distribution both in Puerto Rico and Continental United States designed and

executed under the leadership of co-defendant Santana. Further, a "joint trial is particularly strong where the charge is a conspiracy." United States v. Saunders, 553 F. 3d at 85. As the matter of severance is considered a discretionary matter under United States v. Fenton, 367 F. 3d at 22, the court denies the request for severance based on the denial of misjoinder and the factual scenario described above.

The court, therefore, **denies** the misjoinder and severance requested by co-defendant Manuel Santana Cabrera and **affirms** the Report and Recommendation issued by the Magistrate Judge on April 12, 2009 (Docket No. 479).

The instant opinion and order supersedes the Abridged Order issued on April 27, 2011, Docket 524, as corrected in the Errata Order on May 3rd, 2011, Docket 537.[10]

IT IS SO ORDERED.

At San Juan, Puerto Rico, this 11th day of May 2011.

s/ Daniel R. Domínguez
**Daniel R. Domínguez**
**U. S. District Judge**

---

[10] Although the court granted defendant the right to make a conditional plea based on the misjoinder and severance motion, the matter is academic as the defendant is the last defendant that would go to trial (other co-defendants except for the current on trial have all had plead and/or are currently at trial) and, hence, Santana has now a de facto severance. Further, the court agreed and granted defendant the right to two successive trials, one as to all the heroine related violations followed by a trial as to the cocaine related violations. Further, the motions do not involve any suppression whatsoever as to any evidence and/or statements made by the defendant. Hence, the appeal is absolutely moot in this court's opinion.